UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARQUIN McLEAN,

Plaintiff,

-against-

ROBERT MORTON JR., SUPERINTENDENT,
DOWNSTATE CORRECTIONAL FACILITY;
JOHN DOE, M.D.,

Defendants.

20-CV-9925 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated in Bare Hill Correctional Facility, brings this *pro se* action invoking the Court's federal-question jurisdiction under 28 U.S.C. § 1331. He asserts that Defendants violated his rights when he was confined in Downstate Correctional Facility. By order dated March 1, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against Superintendent Robert Morton, Jr, of Downstate Correctional Facility, and "John Doe M.D." He invokes federal-question jurisdiction and asserts violations of his rights under the Eighth and Fourteenth Amendments to the Constitution.

The complaint contains the following allegations: in 2013, 2015, and 2020, upon his reception into the custody of the New York State Department of Corrections and Community Supervision, Plaintiff was required to undergo a health assessment and physical examination at Downstate Correctional Facility. On each occasion, a correction officer directed Plaintiff to a "cubicle type examination room" with a "curtain door," and instructed him to remove his clothing down to his boxer shorts and socks. (ECF No. 1, at 5.) Although the curtains remained open and people were able to see into the examination room, Plaintiff was not provided a gown or drape. When the doctor arrived and questioned Plaintiff on his medical history and records, their conversation could be heard in the adjoining room and by people passing by.

After reviewing Plaintiff's medical history, the doctor examined Plaintiff's eyes, ears, and throat, and listened to his heart, lungs, and chest. The doctor also had Plaintiff lie down on a table and examined his abdomen and placed his hands under his shorts to check for a hernia. Once the examination was complete, Plaintiff was directed to get dressed.

Plaintiff asserts that Defendants violated his right to privacy and subjected him to cruel and unusual punishment during his medical assessment and physical examination. He claims that at no time was he ever informed of his right to refuse any part of or the full examination. He seeks monetary damages.

## DISCUSSION

### A.    Section 1983 and Personal Involvement

The Court construes the complaint as asserting constitutional claims under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

In a § 1983 action, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names as Defendants Superintendent Morton and a John Doe doctor, but the complaint does not contain facts showing how these individuals were personally involved in violating his rights. Because Plaintiff is proceeding *pro se*, the Court grants him leave to amend his complaint to name the individual defendants who were personally involved in the events giving rise to this action, and to allege facts suggesting that those individuals violated his constitutional rights.

**B.     Plaintiff's Constitutional Claims**

Plaintiff's assertions concerning the conditions under which he was examined and the disclosure of his confidential medical information implicate his rights under the Fourteenth Amendment Due Process Clause, which, under certain circumstances, protects against the unwanted disclosure of medical information. *See Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63-64 (2d Cir. 2011); *Alsaifullah v. Furco*, No. 12-CV-2907 (ER), 2013 WL 3972514, at **5-8 (S.D.N.Y. Aug. 2, 2013). Although the right to confidentiality is not absolute,

4

courts within this Circuit have accorded constitutional privacy protection to conditions that are "excruciatingly private and intimate in nature," such as HIV status and transsexualism. *See Matson*, 631 F.3d at 64, 69 (holding that fibromyalgia, although a serious condition, was not a fatal disease that "carr[ies] with it the sort of opprobrium that confers upon those who suffer from it a constitutional right of privacy as to that medical condition," and that revealing the condition of fibromyalgia would not "expose a person . . . to discrimination and intolerance"); *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) (holding that protection is generally provided to serious medical conditions that, if disclosed, are likely to provoke hostility and intolerance from others); *Cummings v. Clinton Cnty. Legislature*, No. 14-CV-0281, 2014 WL 4265844, at *3 (N.D.N.Y. Aug. 26, 2014) ("When determining whether a particular condition justifies constitutional protection, courts examine whether the disease is contagious, or attributed to 'socially repugnant' conduct, and whether society as a whole views the disease as 'directly associated with any disease which might conceivably be characterized as loathsome.' . . . In this circuit, courts have accorded constitutional privacy protection only to a handful of medical conditions, including HIV, transsexualism, and sickle cell anemia."). Plaintiff does not allege that he suffers from any such condition; he only describes discussing his medical history and records with a doctor.

Plaintiff asserts that the circumstances surrounding his medical examinations at Downstate violated his right to privacy. But the Constitution does not require that all medical examinations of prisoners be conducted in private. *See, e.g. Rodriguez v. Heit*, No. 16-CV-0706, 2018 WL 3121626, at *6 (N.D.N.Y. Mar. 30, 2018) (correction officer's presence in a prison's medical examination room and a nurse's statements to the correction officer in that room during a prisoner's medical examination did not violate the prisoner's right to privacy), *report &*

*recommendation adopted*, 2018 WL 2316687 (N.D.N.Y. May 22, 2018), *appeal dismissed*, No. 18-2844, 2019 WL 4780772 (2d Cir. Feb. 27, 2019), *cert. denied*, 140 S. Ct. 561 (2019); *Rodriguez v. Ames*, 287 F. Supp. 2d 213, 219 (W.D.N.Y. 2003) ("The Eighth Amendment's right to be free from cruel and unusual punishment does not guarantee that plaintiff will receive any and all medical care in total privacy. . . . [And] [t]he fact that plaintiff's cellmate also was present [for his medical examination] is not sufficiently shocking or egregious as to amount to a constitutional violation [of substantive due process].").

Plaintiff also asserts that he was denied the right to refuse a medical screening. A prisoner's right to refuse medical treatment will not be honored "if legitimate penological interests require the prisoner to be treated." *Pabon v. Wright*, 459 F.3d 241, 252 (2d Cir. 2006). The State of New York has a "compelling interest in administering an effective [medical] screening program." *Jolly v. Coughlin*, 76 F.3d 468, 478 (2d Cir. 1996) (citing *Lareau v. Mason*, 651 F.2d 96, 109 (2d Cir. 1981)). And the Second Circuit has held that a correctional facility's failure to medically screen incoming prisoners violates the federal constitutional rights of those prisoners already held in that facility. *See id.* at 477. Thus, courts have allowed prison officials to conduct mandatory medical screenings. *See Boreland v. Vaughn*, No. 92-CV-0172, 1993 WL 62707, at *4 (E.D. Pa. Mar. 3, 1993), *aff'd*, 22 F.3d 300 (3d Cir. 1994) (table decision).

Some courts have recognized that a prisoner may be exempt from medical screenings when such screenings conflict with the prisoner's religious beliefs. *See Jolly*, 76 F.3d at 474-82 (affirming district court's grant of a prisoner's application for a preliminary injunction arising from his confinement in "medical keeplock" after the prisoner refused tuberculosis screening on religious grounds); *Selah v. Goord*, 255 F. Supp. 2d 42, 52-56 (N.D.N.Y. Apr. 4, 2003) (granting preliminary injunction against a prisoner's confinement in a "tuberculin hold" after the prisoner

refused tuberculosis screening on religious grounds ); *Reynolds v. Goord*, 103 F. Supp. 2d 316, 337-45 (S.D.N.Y. 2000) (same).

Plaintiff asserts that prison officials did not inform him of his right to refuse a medical screening. But he has not articulated a reason, religious or otherwise, why he would have refused medical screening, nor can the Court find any authority for the proposition that prison officials are obliged to inform prisoners that they have a right to refuse a medical screening. Plaintiff therefore fails to state a recognizable constitutional claim for his exemption from medical screening.

**C.      Statute of Limitations**

Even if Plaintiff could assert claims for relief, some of his claims may be untimely. The statute of limitations for claims under § 1983 is found in the "general or residual [state] statute [of limitations] for personal injury actions," *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In New York, that period is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002). Claims under § 1983 generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Plaintiff claims arise out of separate incidents occurring in 2013, 2015, and 2020. But he delivered this complaint to prison officials for mailing to this Court on November 17, 2020, well beyond the events occurring in 2013 and 2015.[2]

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence

---

[2] *See Noble v. Kelly*, 246 F.3d 93 (2d Cir. 2001) (holding that under the "mailbox rule," *pro se* prisoner filings are deemed "filed" on the date they are delivered to prison officials for mailing).

of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011)*; see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds). A district court should grant notice and opportunity to be heard, however, before dismissing a complaint *sua sponte* on statute of limitations grounds. *Abbas*, 480 F.3d at 640. The Court therefore grants Plaintiff leave to file an amended complaint that pleads any facts showing that equitable tolling applies.

"Generally, a litigant seeking equitable tolling [of the statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). New York law also establishes by statute circumstances in which the limitations period may be tolled. *See, e.g.*, N.Y. C.P .L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity).

If Plaintiff files an amended complaint providing sufficient facts to state a claim under § 1983, he will also need to show why any claims arising in 2013 and 2015 should not be dismissed as untimely.

**LEAVE TO AMEND**

Plaintiff is granted leave to amend his complaint to detail his claims and to show that his claims are timely or that the three-year statute of limitations should be equitably tolled in connection with the events occurring in 2013 and 2015. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant

facts supporting each claim against each defendant.[3] If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant persons;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

---

[3] If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2020, at Sullivan Correctional Facility, during the 7 am. to 3 p.m. shift."

The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe or Jane Doe" defendants and amending his complaint to include the identity of any "John Doe or Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-9925 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    March 2, 2021
          New York, New York

                                             _Louis L. Stanton_
                                             Louis L. Stanton
                                             U.S.D.J.

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                 Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                     Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____